IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JOHN DOE 1 and JOHN DOE 2, individually and on behalf of a class of all persons similarly situated<br><br>Plaintiffs,<br><br>v.<br><br>JOHN R. BATISTE, in his official capacity as Chief of the Washington State Patrol, and GRETCHEN DOLAN, in her official capacity as a Public Records Officer with the Risk Management Division of the Washington State Patrol,<br><br>Defendants. | No. 3:19-cv-5334<br><br>COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF – CLASS ACTION |

## INTRODUCTION

1.      In this time of rampant vitriol in public discourse, few topics are subject to more controversy than the private use and ownership of firearms. And within this particularly controversial topic, few issues are as contentious as the private use and ownership of bump stock devices that allow users to enhance the rate of fire of semiautomatic firearms.

2.      Prior to 2017, the issue of bump stocks received relatively little public attention, and they gained popularity among a subset of firearms users for lawful use in target shooting. On October 1, 2017, however, a deranged criminal used bump stocks in perpetrating a horrific mass shooting in Las Vegas, Nevada.

3.      Following the Las Vegas shooting, the issue of bump stocks has been the topic of intense controversy. Their ownership recently was banned nationwide, and a Washington state-level ban is set to go into effect this summer.

Ard Law Group PLLC
P.O. Box 11633
Bainbridge Island, WA 98110
Phone: (206) 701-9243

4.      In this political and cultural climate, the mere fact that a person is known to be a gun owner can expose them to the risk of withering public censure and scrutiny. The risks facing a known one-time owner of bump stocks are even greater.

5.      Despite the extreme sensitivity of these issues, the State of Washington intends to publicly disseminate the names and addresses of individuals who at one time owned bump stocks and who, by implication, currently own firearms.

6.      To encourage compliance with the state and federal bump stock bans, Washington offered its residents a payment of $150 for each bump stock turned into the government. Hundreds of individuals, including Plaintiffs, turned in their bump stocks in exchange for this $150 payment. In exchange for this $150 payment, Plaintiffs and other participants were required to fill out a form with their names and addresses.

7.      The bump stock buy-back forms, including the personal information contained in them, are now the subject of two public record requests. At least one of the requests is expressly designed to publicly "out" individuals as former bump stock owners, as the requester intends to single out buy-back participants in "a searchable database and map of Washington state." Exhibit A at 5.

8.      On April 26, 2019, without a court order to the contrary, the Washington State Patrol will release this information and facilitate the outing of former bump stock owners and current firearm owners.

9.      The United States Constitution prohibits the State of Washington from exposing the personal and private information of individuals in this way. Plaintiffs therefore bring this class action to prevent the State from violating the constitutional rights of themselves and all other participants in the bump stock buy-back program.

## PARTIES

10.      Plaintiff John Doe 1 is a citizen of the United States and a resident and citizen of the State of Washington.

Complaint - 2
No. 3:19-cv-5334

11.     Plaintiff John Doe 2 is a citizen of the United States and a resident and citizen of the State of Washington.

12.     This action is a class action filed by John Does 1 and 2 on behalf of all persons similarly situated (collectively, "Plaintiffs").

13.     Defendant John R. Batiste is an individual Washington official serving as the Chief of the Washington State Patrol. Defendant Batiste is a "person" as that term is used in 42 U.S.C. § 1983 and is being sued in his official capacity. In all of his actions and omissions alleged herein, Defendant Batiste was acting under color of state law.

14.     Defendant Gretchen Dolan is an individual Washington official serving as a Public Records Officer with the Risk Management Division of the Washington State Patrol. Defendant Dolan is a "person" as that term is used in 42 U.S.C. § 1983 and is being sued in her official capacity. In all of his actions and omissions alleged herein, Defendant Dolan was acting under color of state law.

15.     The Washington State Patrol is headquartered in Olympia, Washington.

## JURISDICTION AND VENUE

16.     This Court has subject matter jurisdiction over Plaintiffs' claims under 28 U.S.C. §§ 1331 and 1343.

17.     Plaintiffs seek remedies under 28 U.S.C. §§ 1651, 2201, and 2202 and 42 U.S.C. §§ 1983 and 1988.

18.     Venue is proper in this Court under 28 U.S.C. § 1391(b)(1) and (b)(2).

## BACKGROUND

**I.      Washington Authorizes Program to Buy Back 1,000 Bump Stocks.**

19.     A "bump stock" or "bump-fire stock" is firearm accessory that uses the energy from the recoil of a semiautomatic firearm to enhance the rate of fire that may be achieved with a firearm. *See* WASH. REV. CODE ANN. § 9.41.010(3) (effective July 1, 2019). Thousands of law-abiding gun owners have used bump stocks for lawful purposes including target shooting. In 2018, for example, the federal government estimated that "the number of bump-stock-type devices held

by the public could range from about 280,000 to about 520,000." Bump-Stock-Type Devices, 83 Fed. Reg. 66514-01, 66547 (Dec. 26, 2018) (to be codified at 27 C.F.R. pts. 447, 478, 479).

20.    After bump stocks were used by the perpetrator of the 2017 mass shooting in Las Vegas, however, bump stocks became the subject of increasing controversy. Indeed, both the State of Washington and the Federal Government have acted to ban bump stocks.

21.    On March 6, 2018, the Governor of Washington signed into law a bill that, as of July 1, 2019, will make it illegal to "[m]anufacture, own, buy, sell, loan, furnish, transport, or have in possession or under control, any . . . bump-fire stock." S.B. 5992, § 3(1)(a), 2018 Leg., 65th Sess. (Wash. 2018); *see also id.* at §§ 2(1)(d), 3(1)(b), 3(1)(c), 4. This law makes possession of a bump stock a class C felony under state law, *id.* § 3(5), which means that the possession of a bump stock is punishable by up to five years of imprisonment and/or a fine of $10,000, WASH. REV. CODE ANN. § 9A.20.021(1)(c).

22.    The law also provided for "a bump-fire stock buy-back program to allow a person in possession of a bump-fire stock to relinquish the device to the Washington state patrol . . . in exchange for a monetary payment" of $150 per bump stock. S.B. 5992, § 10(1). The law tasked the Washington State Patrol with establishing rules and procedures governing the details of the program and administering the program. *Id.* As originally enacted, the buy-back program was to be "implemented" for a year before the State bump stock ban was to become effective on July 1, 2019. *Id.* § 10(1)(a); *see id.* § 11(2).

23.    Although it created the buy-back program, Senate Bill 5992 did not appropriate funding for the program, and it explicitly stated that the program was "subject to the availability of funds appropriated for this specific purpose." *Id.* § 10(1)(d). Washington thus did not immediately begin buying back bump stocks.

24.    Around the same time, the federal government also moved to criminalize the possession of bump stocks under federal law. The Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) ultimately promulgated a final rule to "clarify that bump-stock-type devices are

Complaint - 4
No. 3:19-cv-5334

'machineguns' "—and thus illegal under federal law. Bump-Stock-Type Devices, 83 Fed. Reg. 66514-01, 66515 (Dec. 26, 2018) (to be codified at 27 C.F.R. pt. 447, 478, 479).

25.     The federal rule was slated to go into effect on March 26, 2019, *id.* at 66514, a few months earlier than Washington's law, which was set to go into effect on July 1, 2019, S.B. 5992 § 11(2).

26.     On March 14, 2019—shortly before the federal law went into effect—the Governor of Washington signed into law a bill that appropriated $150,000 for the bump stock buy-back program. Substitute Senate Bill 5954, § 2, 2019 Leg., 66th Sess. (Wash. 2019) ("S.B. 5954").

27.     Senate Bill 5954 also provided clarity on how a Washington resident could obtain reimbursement for surrendering a bump stock, ensuring that an individual could participate in the buy-back program regardless of whether the bump stock was surrendered to the state or federal government. Senate Bill 5954 first provided that an individual was entitled to payment "[b]y relinquishing an operable or inoperable bump-fire stock to the Washington state patrol before the effective date of any federal law or rule that prohibits possession of bump-fire stocks or June 30, 2019, whichever is earlier." *Id.* § 1(2)(a). An individual was likewise entitled to reimbursement if, "[n]o later than June 30, 2019," he or she "provid[ed] the Washington state patrol with a receipt or statement from the federal bureau of alcohol, tobacco, firearms, and explosives, or a Washington law enforcement agency, that a bump-fire stock was relinquished to the agency before the effective date of any federal law or rule that prohibits possession of bump-fire stocks." *Id.* § 1(2)(b).

28.     Senate Bill 5954 also provided that an individual owner could be reimbursed for up to five bump stocks, and that if the funding for the program ran out, no further reimbursements would be permitted—the law was "first-come, first-served." *Id.* § 1(b), (d).

29.     The Washington State Patrol promulgated rules implementing the buy-back program. The rules required an individual seeking to obtain reimbursement to bring a valid form of identification and to "complete a voucher form provided by the Washington state patrol, with the individual's name and a valid mailing address for payment." WASH. ADMIN. CODE § 446-100-020(2). The State Patrol would then issue a check and mail it to the person's mailing address. *Id.*

Ard Law Group PLLC
P.O. Box 11633
Bainbridge Island, WA 98110
Phone: (206) 701-9243

§ 446-100-020(2). All individuals participating in the buy-back program were required to fill out the form and provide their name and address regardless of whether they relinquished the bump stock to the Washington State Patrol or the federal ATF. *See id.* § 446-100-020(2); *WSP Launches Bump Stock Buy-Back Program* at 2, WASHINGTON STATE PATROL (Mar. 14, 2019), *available at* http://bit.ly/2UC8BJn (last visited Apr. 23, 2019). In line with these requirements, the forms provided to individuals who participated in the buy-back program required individuals to provide their name, their full address, and their original signature. Exhibit A at 6.

30. The Washington State Patrol hosted numerous buy-back events in various locations. *See* Washington State Patrol, *WSP Launches Bump Stock Buy-Back Program*. The State ultimately reimbursed Washington residents for surrendering 1,000 bump stocks—the maximum reimbursement the State had budgeted for. *See* WA State Patrol (@wastatepatrol), TWITTER (Mar. 26, 2019, 2:23 PM), http://bit.ly/2Vir3LL; *see also* Jack Heffernan, *Washington State Patrol buys back 1,000 bump stocks*, THE COLUMBIAN (Mar. 25, 2019), http://bit.ly/2ZxgkfR. Given the five-bump stock limit, this means that at least 200 people turned in bump stocks.

31. Per the laws, regulations, and policies laid out above, the State Patrol collected the name, address, and original signature of every individual who participated in the buy-back program.

## II. The State of Washington Has a System That Permits Members of the Public to Submit Public Information Requests to Obtain Information from the State and its Agencies.

32. Like many other States, the State of Washington has a system for members of the public to request and receive public records held by state agencies. *See* WASH. REV. CODE ANN. § 42.56.001 *et seq*.

33. This Public Records Act (PRA) requires agencies to make available for public inspection all public records unless specifically exempted by statute. *See id.* § 42.56.070(1).

34. Plaintiffs are not aware of any statutory exemption that would protect the release of their identity as participants in the bump stock buy-back program.

Ard Law Group PLLC
P.O. Box 11633
Bainbridge Island, WA 98110
Phone: (206) 701-9243

1

**STATEMENT OF FACTS**

2
3

**I.    Two Individuals File Invasive Public Information Requests Asking for Personal Information—Including the Names and Addresses—of Every Individual Who Participated in the Buy-Back Program.**

4
5
6
7
8
9
10

35.    On March 22, 2019, an individual claiming to be named Yati Arguna sent an email to the State's general public-records email address, requesting the names and addresses of all individuals who had participated in the bump stock buy-back program. Arguna expressly stated that the information would be used to "create a searchable map of Washington state to overlay the locations" where the buy-back participants live. Exhibit A at 5. According to Arguna, "[t]he public has a right to know that these dangerous devices may have been in neighborhoods that the [sic] live in and who has previously owned such devices." *Id*.

11
12
13
14
15
16

36.    Around the same time, a second individual, Paul Holgate, made a similar records request to the Washington State Patrol. Among other things, he requested "a copy of any documents created before or during the buyback process, that was/is used to document information about the person(s) selling the bump-fire stock and/or information regarding the quanitity [sic], type, brand or manufacture of the bump-fire stock that was sold to WSP during the buyback." Exhibit A at 3.

17
18
19

37.    By their plain terms, these two records requests insist that the State provide all the personal identifying information on the buy-back forms—the name, address, and original signature—of the hundreds of individuals who participated in the buy-back program.

20
21

**II.   The State Prepares to Release All Personal Information Requested Regarding Participants in the Buy-Back Program.**

22
23
24
25
26

38.    John Doe 1 lawfully owns a semiautomatic firearm for defense in his home and participated in the buy-back program: he surrendered his bump stock to the Washington State Patrol, listed his name and address on the requisite form, and signed that form in order to be reimbursed for surrendering his bump stock.

27

Ard Law Group PLLC
P.O. Box 11633
Bainbridge Island, WA 98110
Phone: (206) 701-9243

39.     John Doe 2 also lawfully owns a semiautomatic firearm for defense in his home and participated in the buy-back program: he surrendered his bump stock to the Washington State Patrol, listed his name and address on the requisite form, and signed that form in order to be reimbursed for surrendering his bump stock.

40.     Neither John Doe 1 nor John Doe 2 were warned that their names, addresses, and original signatures—and the fact that they previously lawfully possessed bump stocks and, by implication, possess semiautomatic firearms—were at risk of being broadly disseminated to the public.

41.     John Doe 1 received a letter dated April 11, 2019, from the Washington State Patrol. That letter noted that the Washington State Patrol had received the two public records requests discussed above and notified John Doe 1 that "[a]fter researching this request, records concerning you are responsive to these requests." Exhibit A at 1.

42.     The letter sent to John Doe 1 stated that under Washington law, the Washington State Patrol "is obligated to release public records with limited exceptions noted in the statute and the case law interpreting this chapter." *Id.* But because "[t]he records in question do not appear to be categorically exempt from disclosure," the letter continued, the Washington State Patrol "intends to release the records in response to these public records requests." *Id.*

43.     The letter concluded by informing John Doe 1 that "[d]isclosure will occur in fifteen days (April 26, 2019), absent a superior court order enjoining disclosure" and that without an order "*the records described will be disclosed pursuant to the public records requests.*" *Id.* (emphasis added). In other words, on a straightforward reading of the letter, the State plans to disclose the entirety of all the buy-back forms submitted as part of the program; the letter says nothing about redacting any portion of the buy-back forms or withholding any personal information.

44.     John Doe 2 also received a letter dated April 11, 2019, from the Washington State Patrol. The letter that John Doe 2 received was materially identical to the letter that John Doe 1 received.

Ard Law Group PLLC
P.O. Box 11633
Bainbridge Island, WA 98110
Phone: (206) 701-9243

45.     On information and belief, the Washington State Patrol sent every individual who participated in the buy-back program a similar letter.

46.     Few public policy issues are as controversial and politically polarizing as the private possession and use of firearms, and the ongoing debate over governmental regulation of firearms arouses passionate beliefs among the partisans on both sides. And few issues in the ongoing debate over governmental regulation of firearms are more hotly contested than bump stock ownership and use.

47.     As a result of the current political climate and the stigma related to firearm ownership, lawful gun owners have been harassed, threatened, shunned, or criticized for their decision to exercise their constitutional right to purchase and possess firearms and firearm accessories. After the Las Vegas shooting, the issue of bump stocks has become particularly polarized.

48.     Bump stocks have no utility apart from their use with semiautomatic firearms. Thus, the public release of Plaintiffs' sensitive identifying information, including names and addresses, has the purpose and the effect of "outing" former bump stock owners as lawful gun owners and subjecting them to unwanted public attention and censure by those who oppose gun and bump stock ownership. Indeed, the explicit purpose of at least one PRA request is to invite public scrutiny and scorn on bump stock buy-back participants by using this sensitive information to create and publish "a searchable database and map" of buy-back participants.

49.     Due to the inextricable link between bump stock ownership and semiautomatic firearm ownership, the public release of Plaintiffs' sensitive identifying information will "out" Plaintiffs as individuals who have chosen to exercise their fundamental Second Amendment rights by keeping a firearm in the home, making them targets for theft, burglary, and other crimes that will endanger Plaintiffs and other Washington citizens.

50.     Plaintiffs reasonably fear for their privacy and safety if their personal identifying information is released.

Ard Law Group PLLC
P.O. Box 11633
Bainbridge Island, WA 98110
Phone: (206) 701-9243

**CLASS ACTION ALLEGATIONS**

51.    "Class" Definition. Pursuant to FED. R. CIV. P. 23(b), Plaintiffs bring this case as a class action on behalf of themselves and all individuals similarly situated as members of the "Class." The proposed Class, which Plaintiffs seek to represent, are those individuals whose names and/or personal identifying information (such as home addresses and original signatures) are contained in Washington's bump stock buy-back program forms (the "Forms"). This class includes all individuals who participated in Washington's bump stock buy-back program whose information is subject to the pending PRA requests. Excluded from the Class are Defendants' legal representatives, assignees, and successors. Also excluded are the judge to whom this case is assigned and any member of the judge's immediate family.

52.    Numerosity. On information and belief, there are at least 200 members in the Class who are geographically dispersed throughout the State of Washington who are unable or reluctant to sue individually. The members of the Class are so numerous that joinder of each individual member is impracticable and the disposition of the claims of the Class in a single action will provide substantial benefits to all parties and the Court.

53.    Commonality. The questions of law and fact common to all Plaintiffs and members of the Class include, but are not necessarily limited to, whether the federal constitution protects Plaintiffs' and Class members' personal information from disclosure here and whether the Court should issue a temporary or permanent order enjoining Washington's release of the unredacted Forms.

54.    Typicality. Plaintiffs' claims are typical of the claims of the Class. All claims for all Plaintiffs and members of the Class arise out of the same conduct by Defendants and are based on the same legal and remedial theories.

55.    Adequacy. Plaintiffs are adequate representatives of the Class because their interests do not conflict with the interests of the Class members they seek to represent. Moreover, Plaintiffs have retained counsel competent and experienced in prosecuting class actions, intend to

Ard Law Group PLLC
P.O. Box 11633
Bainbridge Island, WA 98110
Phone: (206) 701-9243

prosecute this action vigorously, and have the financial resources to do so. Thus, the interests of Class members will be fairly and adequately protected.

56.    <u>Appropriateness of Injunctive and Declaratory Relief</u>. Defendants have acted and will act on grounds generally applicable to the Class, thereby making final injunctive and corresponding declaratory relief appropriate with respect to the Class as a whole. Prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications with respect to individual members of the Class that would establish incompatible standards of conduct for Defendants.

**COUNT I**

**FOURTEENTH AMENDMENT RIGHT TO PRIVACY - 42 U.S.C. § 1983**

57.    Plaintiffs hereby reallege and incorporate by reference the allegations of each of the preceding paragraphs.

58.    The fact that a person is a former bump stock owner and, by implication, a current firearm owner, is a private, personal matter that is protected from public disclosure by the government under the constitutional right to privacy.

59.    Without an order of this Court to the contrary, the Washington State Patrol will publicly disclose Plaintiffs' and class members' names, addresses, and status as a former bump stock owner and, therefore, gun owner. Plaintiffs reasonably fear that this disclosure will expose them and members of the class to an enhanced risk of harassment, threats, stigma, danger, and criminal activity.

60.    Public dissemination of the names, addresses, original signatures, and other identifying information of participants in the bump stock buy-back program violates Plaintiffs' and class members' constitutional privacy rights with respect to their personal identifying information and their fundamental constitutional right to keep and bear arms.

61.    Public disclosure of Plaintiffs' and class members' constitutionally protected private information would inflict irreparable harm on them.

Ard Law Group PLLC
P.O. Box 11633
Bainbridge Island, WA 98110
Phone: (206) 701-9243

62.     The Constitution prohibits the State from conditioning the payment of $150 on the relinquishment of the constitutional right to privacy.

63.     Disclosure of the Plaintiffs' and class members' sensitive identifying information would violate the due process right to privacy under the Fourteenth Amendment.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray that this Honorable Court:

A.     Enter Certification of a class as defined above;

B.     Appoint Plaintiffs as representatives of the certified class;

C.     Enter a judgment declaring that disclosure of the Plaintiffs' and class members' personal identifying information would violate the United States Constitution.

D.     Enter an injunction prohibiting Defendants and officers, agents, and employees under their supervision from publicly disseminating the names, addresses, original signatures, and other potentially identifying information of Plaintiffs and all other class members.

E.     Enter an Order awarding Plaintiffs their costs of suit including attorneys' fees and costs pursuant to 42 U.S.C. § 1988; and,

F.     Enter an Order providing any other and further relief that the Court deems just and appropriate.

///
///
///
///
///
///
///
///
///
///

Complaint - 12
No. 3:19-cv-5334

Ard Law Group PLLC
P.O. Box 11633
Bainbridge Island, WA 98110
Phone: (206) 701-9243

DATED: April 23, 2019.

**ARD LAW GROUP, PLLC**
s/ Joel B. Ard
Joel B. Ard, WSBA No. 40104
joel@ard.law
ARD LAW GROUP PLLC
P.O. Box 11633
Bainbridge Island, WA 98110
(206) 701-9243

**COOPER & KIRK, PLLC**

s/ David H. Thompson
David H. Thompson *
dthompson@cooperkirk.com

s/ Peter A. Patterson
Peter A. Patterson *
ppatterson@cooperkirk.com

s/ P. Davis Cooper
P. Davis Cooper *
pdcooper@cooperkirk.com

s/ Nicole F. Reaves
Nicole F. Reaves *
nreaves@cooperkirk.com
COOPER & KIRK, PLLC
1523 New Hampshire Ave., NW
Washington, D.C. 20036
(202) 220-9600
*Attorneys for Plaintiffs*
*\* Pro hac vice applications*
*forthcoming*